**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| SABRINA WHITFIELD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF JACKSONVILLE, )<br>)<br>Defendant. )<br>) | Case No. 3:22-cv-00553 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Sabrina Whitfield ("Plaintiff"), by and through the undersigned attorneys, hereby files this Complaint against City of Jacksonville, Florida ("Defendant"), and in support states as follows:

**INTRODUCTION**

1. This is action is brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601. *et seq.* (the "FMLA"), the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. *et seq.* and the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA") to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2. Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of her medical condition and request for reasonable accommodation.

3. Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against her.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1331 with federal questions involving the ADA and 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, pursuant to 28 U.S.C. § 2201 *et seq.*, and the FCRA, 28 U.S.C. § 1367, because at all relevant times Plaintiff worked for Defendant in Duval County, Florida.

5. At all relevant times, Defendant was covered employer pursuant to the ADA, FMLA and FCRA.

6. Defendant is an employer as defined by the ADA and FCRA, and employs more than fifteen (15) employees.

7. Defendant is an employer as defined by the FMLA and employs greater than fifty (50) employees.

8. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

9. At all relevant times, Defendant was, and continues to be an "employer"

within the meaning of the ADA.

10. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

11. At all relevant times, Defendant was, and continues to be an "employer" within the meaning of the FMLA.

12. Plaintiff was eligible for FMLA leave because she had worked for the Defendant for at least twelve (12) months, for at least 1,250 hours over the preceding twelve (12) months, and at a location where the Defendant employed fifty (50) or more employees within seventy-five (75) miles.

## ADMINISTRATIVE PREREQUISITES

13. All conditions precedent to bringing this action have occurred.

14. Plaintiff timely filed a charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on February 16, 2022.

15. On March 30, 2022, the EEOC issued its Notice of Right to Sue letter. Therefore, this Complaint is being filed within 90 days of the Notice of Right to Sue being issued.

## PARTIES

16. Plaintiff is an individual who is a resident of Duval County, Florida.

17. Defendant is operating and headquartered at 117 W. Duval Street,

Jacksonville, FL 32202 and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

18. Plaintiff was employed by Defendant for thirty-three (33) years.

## I. GENERAL ALLEGATIONS

19. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's state and federally protected rights.

20. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of Defendant.

21. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## II. FACTUAL ALLEGATIONS

22. Plaintiff was hired by Defendant on or around October, 1988. Near the end of Plaintiff's employment, Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon her disabilities and protected medical leave. Ultimately, Plaintiff was unlawfully terminated effective September 10, 2021.

23. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

24. Plaintiff had never received any formal discipline or write-ups.

25. On or about March 3, 2021, Plaintiff was at work when she became very sick and went home where she fainted and was then transported by rescue to the hospital. This resulted in a broken leg, surgery, and a fourteen (14) day hospital stay.

26. On or about March 3, 2021, Plaintiff commenced protected FMLA leave for broken leg and subsequently to recover from her hospitalization and the debilitating effects of her leg pain.

27. Plaintiff's FMLA leave was scheduled to conclude on May 1, 2021.

28. Plaintiff's doctor released her to work half days starting June 1, 2021.

29. Prior to her return date, Plaintiff provided Defendant with a request for reasonable accommodations, such as a request to work remotely so that she could work full-time instead of half days.

30. Defendant denied Plaintiff's request.

31. The contemporaneous documentary evidence will show Defendant's purported "legitimate non-discriminatory" reason for terminating Plaintiff's employment is pre-text for unlawful disability discrimination, retaliation, and FMLA interference and retaliation.

32. Plaintiff was targeted for termination because of her disabilities and for taking FMLA leave.

33. Defendant retaliated against Plaintiff for opposing unlawful

discrimination and for exercising her protected rights in violation of the ADA and FCRA by terminating Plaintiff after she requested it make reasonable accommodations for her disabilities.

34. Defendant never engaged in the "interactive process" with Plaintiff to determine whether her requested work restrictions could be accommodated, would create an "undue hardship," or to explore alternatives.

35. Upon information and belief, Plaintiff was replaced by a significantly younger, non-disabled individual.

## COUNT I
## VIOLATION OF THE ADA

36. Plaintiff re-alleges and re-adopts paragraphs 1 through 35 of her Complaint as if fully set forth herein.

37. Plaintiff was a qualified individual with a disability.

38. Plaintiff was perceived as disabled by Defendant.

39. Defendant discriminated against Plaintiff because of her actual and/or perceived disability in violation of the ADA.

40. Defendant discriminated against Plaintiff because she exercised her rights under the ADA by notifying Defendant of her actual and/or perceived disability.

41. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the ADA.

42. Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

43. Plaintiff has suffered pecuniary losses as a direct result of Defendants' unlawful discrimination.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. back pay and benefits;

    b. interest on back pay and benefits;

    c. front pay and benefits

    d. compensatory damages for emotion pain and suffering;

    e. for costs and attorneys' fees;

    f. injunctive relief; and

    g. for any other relief this Court deems just and equitable.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

44. Plaintiff re-alleges and re-adopts paragraphs 1 through 35 of her Complaint as if fully set forth herein.

45. Plaintiff was a qualified individual with a disability.

46. Plaintiff requested an accommodation under the ADA.

47. Plaintiff engaged in protected activity when she requested an accommodation under the ADA.

48. Plaintiff was terminated in retaliation for requesting an accommodation

under the ADA.

49. Defendant's retaliatory conduct resulted in Plaintiff's termination.

50. Defendant retaliated against Plaintiff because of her actual and/or perceived disability in violation of the ADA.

51. Defendant retaliated against Plaintiff because she exercised her rights under the ADA by notifying Defendant of her actual and/or perceived disability and request for reasonable accommodations.

52. Defendant engaged in retaliation against Plaintiff with malice and reckless indifference to Plaintiff's rights under the ADA.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. back pay and benefits;

    b. interest on back pay and benefits;

    c. front pay and benefits

    d. compensatory damages for emotion pain and suffering;

    e. for costs and attorneys' fees;

    f. injunctive relief;

    g. prejudgment interest;

    h. declaratory judgment; and

    i. for any other relief this Court deems just and equitable.

## COUNT III
## 29 CFR § 825.220
## VIOLATION OF SECTION 105 OF THE FMLA
### (Interference)

53. Plaintiff re-alleges and re-adopts paragraphs 1 through 35 of her Complaint as if fully set forth herein.

54. Defendant prevented Plaintiff from concluding her FMLA leave, which constituted unlawful interference pursuant to the FMLA.

55. Plaintiff applied for and was granted FMLA leave on or around March 5, 2021.

56. Plaintiff was on protected FMLA leave, scheduled to return to work on June 1, 2021.

57. Effective September 10, 2021, Defendant violated the FMLA by terminating Plaintiff's employment for bogus reasons prior to the conclusion of her leave.

58. By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiff's lawful exercise of her FMLA rights.

59. As a result of Defendant's unlawful actions, Plaintiff has suffered and to suffer damages.

60. Defendant's actions constitute violations of the FMLA.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.      back pay and benefits;

      b.      interest on back pay and benefits;

      c.      front pay and benefits

      d.      compensatory damages for emotion pain and suffering;

      e.      for costs and attorneys' fees;

      f.      injunctive relief; and

      g.      for any other relief this Court deems just and equitable.

## COUNT IV
## 29 CFR § 825.220
## VIOLATION OF SECTION 105 OF THE FMLA
### (Retaliation)

61. Plaintiff re-alleges and re-adopts paragraphs 1 through 35 of her Complaint as if fully set forth herein.

62. Defendant retaliated against Plaintiff for asserting her FMLA rights, which constituted unlawful retaliation pursuant to FMLA.

63. Defendant's actions constituted violations of the FMLA when they terminated Plaintiff's employment for bogus reasons.

64. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.      back pay and benefits;

      b.      interest on back pay and benefits;

  c.  front pay and benefits

  d.  compensatory damages for emotion pain and suffering;

  e.  for costs and attorneys' fees;

  f.  injunctive relief; and

  g.  for any other relief this Court deems just and equitable.

## COUNT V
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Disability Discrimination)

65. Plaintiff re-alleges and re-adopts paragraphs 1 through 35 of her Complaint as if fully set forth herein.

66. Plaintiff is/was disabled.

67. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as disabled because of her medical conditions.

68. Defendant failed to participate in the interactive process after Plaintiff asked for reasonable accommodations for her disabilities.

69. Defendant terminated Plaintiff on the basis of her disabilities or because Defendant regarded Plaintiff as disabled because of her medical conditions in violation of the FCRA.

70. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

71. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

72. Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

73. Plaintiff has suffered pecuniary losses as a direct result of Defendants' unlawful discrimination.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

j. back pay and benefits;

k. interest on back pay and benefits;

l. front pay and benefits

m. compensatory damages for emotion pain and suffering;

n. for costs and attorneys' fees;

o. injunctive relief; and

p. for any other relief this Court deems just and equitable.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Retaliation)

74. Plaintiff re-alleges and re-adopts paragraphs 1 through 35 of her Complaint as if fully set forth herein.

75. The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff protected activities in violation of the FCRA based

upon her age, disabilities, and request for accommodations.

76. Defendant's actions were willful and done with malice.

77. The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and/or harassment and request reasonable accommodations.

78. Plaintiff was injured due to Defendant's violations of the FCRA, including but not limited to losing her job, to which Plaintiff is entitled to legal and injunctive relief.

79. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. back pay and benefits;

    b. interest on back pay and benefits;

    c. front pay and benefits

    d. compensatory damages for emotion pain and suffering;

    e. for costs and attorneys' fees;

    f. injunctive relief; and

    g. for any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial for all issues so triable.

Dated this 19th day of May, 2022.

/s/ *Alejandro Figueroa*
**ALEJANDRO FIGUEROA, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
a.figueroa@sulaimanlaw.com
*Attorney for Plaintiff*